## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

THE INTERNET ARCHIVE,

      Plaintiff,

      v.

JOHN JAY HOFFMAN, Attorney General of
the State of New Jersey, *et al.*,

      Defendants, in their official capacities.

Civil Action No.:

---

## VERIFIED COMPLAINT FOR DECLARATORY JUDGMENT AND INJUNCTIVE RELIEF REGARDING N.J.S.A. § 2C:13-10 (P.L. 2013, c.51 § 12)

---

Frank L. Corrado (SBN 022221983)
fcorrado@capelegal.com
BARRY, CORRADO & GRASSI, PC
2700 Pacific Avenue
Wildwood, NJ  08260
Telephone:  (609) 729-1333
Fax:  (609) 522-4927

Matthew Zimmerman
(*pro hac vice* motion to be filed)
mattz@eff.org
ELECTRONIC FRONTIER FOUNDATION
815 Eddy Street
San Francisco, CA  94109
Telephone:  (415) 436-9333
Fax:  (415) 436-9993

*Attorneys for Plaintiff Internet Archive*

Plaintiff, the Internet Archive ("the Internet Archive" or "Plaintiff") alleges as follows:

## I.      LOCAL CIVIL RULE 10.1 STATEMENT

1.      The mailing addresses of the parties to this action are:

Internet Archive
300 Funston Avenue
San Francisco, CA 94118

John Jay Hoffman, Attorney General of the State of New Jersey
P.O. Box 080
Trenton, NJ  08625-0080

James P. McClain, Atlantic County Prosecutor
4997 Unami Boulevard, Suite 2
May Landing, NJ  083330

John L. Molinelli, Bergen County Prosecutor
10 Main Street
Hacksensack, NJ  07601

Robert D. Bernardi, Burlington County Prosecutor
49 Rancocas Road
Mt. Holly, NJ  08060

Warren W. Faulk, Camden County Prosecutor
25 North Fifth Street
Camden, NJ  08102

Robert L. Taylor, Cape May County Prosecutor
DN-110
4 Moore Road
110 Justice Way
Cape May Court House, NJ  08210

Jennifer Webb-McRae, Cumberland County Prosecutor
43 Fayette Street
Bridgton, NJ  08302

Carolyn A. Murray, Essex County Prosecutor
Veterans Courthouse
50 West Market Street
Newark, NJ  07102

Sean Dalton, Gloucester County Prosecutor
2 South Broad Street
P. O. Box 337
Woodbury, NJ  08096

Gaetano T. Gregory, Hudson County Prosecutor
595 Newark Avenue
Jersey City, NJ  07306

Anthony P. Kearns, III, Hunterdon County Prosecutor
65 Park Avenue
P. O. Box 756
Flemington, NJ  08822

Joseph L. Bocchini, Jr., Mercer County Prosecutor
209 S. Broad Street
Trenton, NJ  08608

Andrew C. Carey, Middlesex County Prosecutor
Public Safety Building
25 Kirkpatrick Street, 3rd Floor
New Brunswick, NJ  08901

Christopher J. Gramiccioni, Monmouth County Prosecutor
132 Jersey Avenue
Freehold, NJ  07728

Fredric M. Knapp, Morris County Prosecutor
P. O. Box 900 – Court Street
Morristown, NJ  07963

Joseph D. Coronato, Ocean County Prosecutor
119 Hooper Avenue
Toms River, NJ  08754

Camelia Valdez, Passaic County Prosecutor
401 Grand Street
Paterson, NJ  07505

John T. Lenahan, Salem County Prosecutor
Fenwick Building, Second Floor
87 Market Street
P. O. Box 462
Salem, NJ  08079

Geoffrey D. Soriano, Somerset County Prosecutor
40 North Bridge Street
Somerville, NJ  08876

David Weaver, Sussex County Prosecutor
19-21 High Street
Newton, NJ  07860

Grace H. Park, Union County Prosecutor
32 Rahway Avenue
Elizabeth, NJ  07202

Richard T. Burke, Warren County Prosecutor
413 Second Street
Belvidere, NJ  07823

## II.    INTRODUCTION

2.      Pursuant to 42 U.S.C. § 1983, the Internet Archive brings this action to preliminarily and permanently enjoin enforcement Section 12(b)(1) of a newly-enacted New Jersey law, P.L. 2013, c. 51, titled the "Human Trafficking Prevention, Protection, and Treatment Act" ("the Act"), that, if allowed to go into effect, would impose an intolerable burden on free speech, in violation of Section 230 of the Communications Decency Act of 1996 (47 U.S.C. § 230) ("Section 230") and the First and Fourteenth Amendments to and the Commerce Clause of the United States Constitution.

3.      The Act would effectively coerce, by threat of a first-degree conviction (the equivalent of a felony) online service providers to become censors of third-party users' content by threatening a fine of at least $25,000 per violation against anyone who knowingly publishes, disseminates or displays or anyone who "indirectly" "causes" the publication, dissemination, or display of content that contains an explicit or even an "implicit" offer of any sexual contact for "something of value" in New Jersey if the content includes an image that turns out to be of a minor.  Because of its vague and expansive language (*e.g.*, "indirectly" "causes" "to be displayed" an "implicit offer"), the law could be applied to any web site that provides access to third-party content, including user comments, reviews, chats, and discussion forums, and to social networking sites, search engines, Internet service providers, and more.  A law that takes

3

such an overbroad approach is of serious concern to the Internet Archive, which aims to serve as a library for the Internet, and accordingly, houses more than 300 billion web pages archived since 1996.

4.     The law expressly states that it is not a defense that the defendant did not know that the image was of a minor.   Instead, to avoid prosecution, the defendant must obtain governmental or educational identification for the person(s) depicted in the post (notably, even if that ID does not contain a photograph).   This means that service providers—no matter where headquartered or operated—may be asked to review each and every piece of third-party content accessible through their services to determine whether the content is an "implicit" ad for a commercial sex act in New Jersey and whether it includes a depiction of a person; and, if so, to obtain and maintain a record of the person's ID.   These obligations would severely impede the practice of hosting third-party content online.

5.     The Act violates well-established law.   Section 230 of the Communications Decency Act prohibits interactive computer service providers from being "treated as the publisher or speaker of any information" provided by a third party and expressly preempts state laws inconsistent with this protection.   The First and Fourteenth Amendments to the U.S. Constitution also prohibit state laws that severely inhibit and impose strict criminal liability on speech, which the Act could be interpreted to do.   The statute is also vague and overbroad in violation of the First and Fourteenth Amendments and is likely to result in the chilling of protected speech by service providers.   Finally, the Act also impermissibly burdens interstate commerce in violation of the Commerce Clause.

6.     The Court should permanently enjoin enforcement of the Act.   Otherwise, online service providers that provide access to third-party content will be faced with the prospect of choosing whether to block significant amounts of third-party content, uncertain as to what is unlawful, or to risk felony criminal charges, penalties and imprisonment.

### III.   PARTIES

7.      Plaintiff the Internet Archive is a 501(c)(3) non-profit organization, organized and existing under the laws of the state of California, with its principal place of business in San Francisco, California.

8.      Defendant John J. Hoffman is the Attorney General of the State of New Jersey.

9.      The remaining defendants—James P. McClain, John L. Molinelli, Robert D. Bernardi, Warren W. Faulk, Robert L. Taylor, Jennifer Webb-McRae, Carolyn A. Murray, Sean F. Dalton, Gaetano T. Gregory, Anthony P. Kearns, III, Joseph L. Bocchini, Jr., Andrew C. Carey, Chistopher J. Gramiccioni, Frederic M. Knapp, Joseph D. Coronato, Camelia M. Valdes, John T. Lenahan, Geoffrey D. Soriano, David Weaver, Grace H. Park, Richard T. Burke—are county prosecutors in New Jersey for each of the counties as identified in the caption above. They are responsible for the enforcement of criminal laws of the State of New Jersey and for initiating proceedings for the arrest and prosecution of individuals suspected of felony crimes and for civil actions in which their respective counties are parties.

10.     All defendants are sued in this action in their official capacities as representatives of the State of New Jersey and their respective counties.

### IV.   JURISDICTION AND VENUE

11.     This Court has jurisdiction over this action under 28 U.S.C. § 1331 because Plaintiff alleges a violation of 42 U.S.C. § 1983.

12.     The Court may declare the legal rights and obligations of the parties in this action pursuant to 28 U.S.C. § 2201 because the action presents an actual case or controversy within the Court's jurisdiction.

13.     Venue is proper in this Court under 28 U.S.C. § 1391 because several of the Defendants in this action are located and reside in this judicial district, and all Defendants reside in the State of New Jersey.

## V.      FACTUAL ALLEGATIONS

14.     Plaintiff the Internet Archive is a 501(c)(3) non-profit that was founded in 1996 to build an Internet library.  It offers permanent access for researchers, historians, scholars, people with disabilities, and the general public to historical collections that exist in digital format.

15.     Today Plaintiff includes texts, audio, moving images, and software as well as archived web pages in its collections, and provides specialized services for adaptive reading and information access for the blind and other persons with disabilities.

16.     Plaintiff has collected and displayed web materials on behalf of the Library of Congress, the National Archives, state archives and libraries, as well as universities and other countries, working to preserve a record for generations to come.

17.     As part of its mission to create an accurate and historically relevant archive of the Internet, Plaintiff regularly gathers "snapshots"—accessible copies—of content on the World Wide Web through its "crawling" and indexing processes.  It currently maintains over 300 billion web pages archived from 1996 to nearly the present from web sites around the world, including archives of third-party content posted to sites like Craigslist and Backpage.com, sites that were singled out in hearings and in the legislative findings of the Act.

18.     Archived     materials     in     Plaintiff's     collection     can     be     accessed     at http://www.archive.org.

19.     Earlier this year, both houses of the New Jersey legislature passed and Governor Chris Christie signed A3352 into law as P.L. 2013, c.51.  Section 12(b)(1) of this law creates a new criminal offense for advertising commercial sexual abuse of a minor.   The relevant language from the statute, along with its corresponding definitions and lone statutory defense, read:

   (b)    A person commits the offense of advertising commercial sexual abuse of a minor if:

        (1)    the person knowingly publishes, disseminates, or displays, or causes directly or indirectly, to be published, disseminated, or displayed, any advertisement for a commercial sex act, which is to take place in this State and which includes the depiction of a minor;

6

. . .

(c)     A person who commits the offense of advertising commercial sexual abuse of a minor as established in subsection b. of this section is guilty of a crime of the first degree. Notwithstanding the provisions of N.J.S.2C:43-3, the fine imposed for an offense under this section concerning criminal negligence shall be a fine of at least $25,000…

. . .

(e)     For the purposes of this section:

"Advertisement for a commercial sex act" means any advertisement or offer in electronic or print media, including the Internet, which includes either an explicit or implicit ofer for a commercial sex act to occur in this State.

"Commercial sex act" means any act of sexual contact or sexual penetration, as defined in N.J.S.2C:14-1, or any prohibited sexual act, as defined in N.J.S.2C:24-4, for which something of value is given or received by any person.

"Depiction" means any photograph or visual or printed matter material containing a photograph or reproduction of a photograph.

"Minor" means a person who is under 18 years of age.

"Photograph" means a print, negative, slide, digital image, motion picture, or videotape, and includes anything tangible or intangible produced by photographing.

"Visual or printed matter" means any photograph or other material that contains a reproduction of a photograph.

(f)     It shall not be a defense to a violation of this section that the defendant

(1)     did not know the age of the minor depicted in the advertisement; or

(2)     claims to know the age of the person depicted, unless there is appropriate proof of age obtained and produced in accordance with subsections g. and h. of this section.

(g)     It shall be a defense to a violation of this section that the defendant made a reasonable, bona fide attempt to ascertain the true age of the minor depicted in the advertisement by requiring, prior to publication, dissemination, or display of the advertisement, production of a driver's license, marriage license, birth certificate, or other governmental or educational identification card or paper of the minor depicted in the

advertisement and did not rely solely on oral or written representations of the minor's age, or the apparent age of the minor as depicted.  The defendant shall prove the defense established in this subsection by a preponderance of the evidence.

(h)     The defendant shall maintain and, upon request, produce a record of the identification used to verify the age of the person depicted in the advertisement.

20.     According to the explicit language of bill and statements of the sponsors, Section 12(b)(1) and related provisions of the Act are modeled after a law passed in Washington State in 2012 (SB 6251).  That law was repealed in 2013 after Plaintiffs sued successfully to enjoin its enforcement.

21.     Section 12(b)(1) of the Act and the related provisions at issue are functionally identical to provisions of Washington's SB 6251 that were enjoined in 2012 and ultimately repealed.

22.     Judge Martinez of the Western District of Washington, in an order granting a preliminary injunction against SB 6251, found that the Washington law was "likely inconsistent with and therefore expressly preempted by Section 230 [of the Communications Decency Act]" because the law treated online service providers as the publisher or speaker of information provided by another information content provide and because the law created "an incentive for online service providers not to monitor the content that passes through its channels" because the law punished "knowing publication."  Judge Martinez also found that the Washington law likely ran "afoul of the First Amendment" because the imposition of strict liability would seriously chill protected speech, and that the law likely exceeded a State's power to regulate activities outside of its borders.

23.     Following the grant of the preliminary injunction enjoining SB 6251, Plaintiffs the Internet Archive and Backpage.com reached an agreement with the State of Washington that permanently enjoined enforcement or prosecution of any person under SB 6251, declaring that the "statute is unconstitutional and violates federal law."  The law was subsequently repealed.

24.     During hearings regarding New Jersey's A3352, several legislators recognized that portions of the proposed law were vulnerable to challenge, noting the similarity of those portions of the bill to Washington's SB 6251.  No material changes to the bill were made as a result of these articulated concerns.

25.     The Act is scheduled to go into effect on July 1, 2013.

26.     Online service providers such as Plaintiff face a reasonable apprehension of prosecution under the Act if it is allowed to go into effect, based on the vague standards of the law in criminalizing dissemination of any third-party content containing an "implicit offer" of sex for "something of value" and a depiction of a minor, with no requirement of scienter and no defense that an online service provider did not know or had no reason to know that the person depicted in an online posting was a minor.

27.     Members of the public generally and particularly Internet users desiring to post third-party content will be irreparably harmed if Section 12(b)(1) of the Act is allowed to take effect because their rights of free speech will be burdened or precluded.

## VI.     CLAIMS FOR RELIEF

### CLAIM I

### VIOLATION OF THE COMMUNICATIONS DECENCY ACT, 47 U.S.C. § 230, PURSUANT TO 42 U.S.C. § 1983

28.     Plaintiff incorporates paragraphs 1-27 as if fully set forth.

29.     Section 12(b)(1) of the Act violates Plaintiff's rights under 47 U.S.C. § 230 because enforcement of the new law would treat Plaintiff, a provider of an interactive computer service, as the publisher or speaker of information provided by another information content provider.

30.     Section 12(b)(1) of the Act is a "State … law that is inconsistent with" Section 230, in direct violation of 47 U.S.C. § 230(e)(3).

31.     Section 12(b)(1) of the Act violates and is preempted by Section 230, and the state law therefore should be enjoined and declared invalid.

## CLAIM II

### VIOLATION OF THE FIRST AND FOURTEENTH AMENDMENTS TO THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983

32.     Plaintiff incorporates paragraphs 1-31 as if fully set forth herein.

33.     Section 12(b)(1) of the Act is invalid under the First and Fourteenth Amendments to the United States Constitution because it purports to impose strict criminal liability on online service providers for the content of third-party advertisements, in the absence of proof of scienter, particularly concerning any knowledge of the age of any individual depicted in third-party content.

34.     Section 12(b)(1) of the Act is invalid under the First Amendment because it is a content-based restriction that impermissibly chills a substantial amount of protected speech, is not narrowly tailored to serve the State's asserted interests, and is far from the least restrictive alternative available to address the State's interests.

35.     Section 12(b)(1) of the Act violates the First Amendment because it is overbroad and sweeps within its ambit a significant amount of constitutionally protected speech.

36.     Section 12(b)(1) of the Act violates the First and Fourteenth Amendments because it is vague and provides neither adequate notice to citizens of what constitutes unlawful conduct nor adequate standards to prevent its arbitrary enforcement.

## CLAIM III

### VIOLATION OF THE COMMERCE CLAUSE OF THE CONSTITUTION, PURSUANT TO 42 U.S.C. § 1983

37.     Plaintiff incorporates paragraphs 1-36 as if fully set forth herein.

38.     Section 12(b)(1) of the Act violates the Commerce Clause of the United States Constitution because the law attempts to regulate commercial transactions taking place wholly outside the State of New Jersey.

39.     Section 12(b)(1) of the Act violates the Commerce Clause of the United States Constitution because it seeks to apply New Jersey law in a manner that constitutes an unreasonable and undue burden on interstate commerce that is excessive in relation to any local

benefit conferred on the State of New Jersey and is likely to subject parties to inconsistent state regulations.

## CLAIM IV

## DECLARATORY RELIEF PURSUANT TO 28 U.S.C. § 2201

40.     Plaintiff incorporates paragraphs 1-39 as if fully set forth herein.

41.     This action presents an actual case or controversy between Plaintiff and Defendants concerning the validity and enforceability of the Act.

42.     Because Section 12(b)(1) of the Act violates the 47 U.S.C. § 230 and the First and Fourteenth Amendments to and the Commerce Clause of the United States Constitution, Plaintiff asks for a declaration that the law is invalid and unenforceable pursuant to 28 U.S.C. § 2201.

## VII.   LOCAL RULE 11.2 CERTIFICATION

43.     Plaintiff incorporates paragraphs 1-42 as if fully set forth herein.

44.     This Complaint is verified, in accordance with Local Civil Rule 11.2, as set forth below.  In addition, the Internet Archive certifies under Rule 11.2 that the matter in controversy in this action is or will be the subject of another action in this Court brought by Backpage.com against the same defendants named herein.  Pursuant to Local Civil Rule 40.1(c), the Internet Archive states that it is not aware of any other related matters regarding the statute in question.

## VIII.   PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests that the Court:

1.     Declare that Section 12(b)(1) of P.L. 2013, c.51 violates 47 U.S.C. § 230 and the First and Fourteenth Amendments to and the Commerce Clause of the United States Constitution, and is invalid and unenforceable;

2.     Preliminarily and permanently enjoin Defendants and their respective officers, agents, servants, employees, and attorneys, and those persons in concert or participation with them from taking any actions to enforce Section 12(b)(1) of the

Act, including any investigation, subpoena, arrest, and/or prosecution under the law;

3.      Award Plaintiff costs of suit incurred herein, including reasonable attorneys' fees; and

4.      Award Plaintiff such other and further relief as the Court deems just and proper.

Dated: June 26, 2013                          Respectfully submitted,

By:      /s/ Frank Corrado
         Frank L. Corrado
         fcorrado@capelegal.com
         BARRY, CORRADO & GRASSI, PC
         2700 Pacific Avenue
         Wildwood, NJ  08260
         Telephone:  (609) 729-1333
         Fax:  (609) 522-4927

         Matthew Zimmerman
         (*pro hac vice* motion to be filed)
         mattz@eff.org
         ELECTRONIC FRONTIER
         FOUNDATION
         815 Eddy Street
         San Francisco, CA 94109
         Telephone:  (415) 436-9333 x127
         Fax:  (415) 436-9993

         *Attorneys for Plaintiff the Internet Archive*

## LOCAL RULE 11.2 CERTIFICATION

Pursuant to Local Civil Rule 11.2, the Internet Archive certifies that the matter in controversy in this action is the subject of an action captioned <u>Backpage.com v. John Jay Hoffman</u>, filed in this Court on June 26, 2013, at 3:23 pm EDT and currently awaiting a docket number and allocation.

Dated: June 26, 2013                      BARRY, CORRADO & GRASSI, PC

                                  By:     <u>/s/ Frank Corrado</u>
                                           Frank L. Corrado
                                           fcorrado@capelegal.com
                                           2700 Pacific Avenue
                                           Wildwood, NJ  08260
                                           Telephone:  (609) 729-1333
                                           Fax:  (609) 522-4927

                                           Matthew Zimmerman
                                           (*pro hac vice* motion to be filed)
                                           mattz@eff.org
                                           ELECTRONIC FRONTIER
                                           FOUNDATION
                                           815 Eddy Street
                                           San Francisco, CA 94109
                                           Telephone:  (415) 436-9333 x127
                                           Fax:  (415) 436-9993

                                           *Attorneys for Plaintiff the Internet Archive*

13

## VERIFICATION

I, Brewster Kahle, hereby verify that

1.  I am the founder of the Internet Archive, plaintiff in this action.

2.  I have reviewed the foregoing Verified Complaint.

3.  I verify under penalty of perjury that the facts set forth in the Verified Complaint are true and correct to the best of my knowledge.

Executed on June 26, 2013 in San Francisco, CA.

BREWSTER KAHLE

13